# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAMUEL ALLEN JACKSON )<br>)<br>Defendants. ) | Case No. 12-CR-0096-JHP |

## ORDER

This matter comes on for consideration of the defendant, Samuel Allen Jackson's ("Jackson"), appeal of a detention order entered on January 7, 2013, by the Honorable Steven Shreder, United Magistrate Judge for the Eastern District of Oklahoma. On December 4, 2012, Jackson was indicted for Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(a) and 841(b)(1)(B). On January 7, 2013, at a detention hearing held before Magistrate Judge Shreder, the United States moved for pretrial detention of Jackson. Immediately thereafter, Magistrate Judge Shreder issued a Detention Order Pending Trial [Doc. No. 19], and Jackson has now appealed the January 7, 2012, Order of Detention.

Title 18 U.S.C. § 3142(e) provides detention shall be ordered if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In cases that involve "an offense for which the maximum term of imprisonment of ten years or more

is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)" a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Once this presumption is invoked, the burden of production shifts to the defendant.

> The government must demonstrate:
>
> there is no condition or combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. King*, 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *United States v. King*, 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f). Evidence is clear and convincing if it gives the factfinder "an abiding conviction that the truth of ... [the] factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984) (quoting C. McCormick, *Law of Evidence* § 320, p. 679 (1954)).

*U.S. v. Lutz,* 207 F.Supp.2d 1247, 1251 -1252 (D.Kan.,2002).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, pursuant to 18 U.S.C. § 3142(g), this Court must consider all available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

> drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Based upon a de novo review of the record, and the Indictment filed on December 4, 2012, it is clear the penalty for the charges Jackson is facing is ten years to life. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). As a result, Jackson has the burden to prove there are conditions which will reasonably assure his appearance before this Court, as well as the safety of others within the community.

Production of evidence relating to character, family ties, employment, and length of residence in the community may rebut the presumption that a defendant poses a danger to the community. *U.S. v. Carbone*, 793 F.2d 559, 561 (3rd Cir. 1986). The Government must ultimately prove the defendant is a danger to the community by clear and convincing evidence, or that release pending trial creates a risk of flight by a preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 160-61 (3rd Cir. 1986). Simply because the defendant produces some evidence, however, the presumption does not disappear, but remains as a factor for this Court to consider in the ultimate release or detention determination. *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).

3

Jackson is charged with a very serious offense, Possession of Controlled of a Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In addition, Jackson is alleged to have possessed and intended to distribute "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance." [Doc. No. 2].

Further, the weight of the evidence against Jackson is significant. At the Detention Hearing, Agent Derek Brown of the District 26 Drug Task Force testified that he witnessed the Defendant sell methamphetamine to a second individual, Lewis Ping. When agents confronted Ping, he admitted to the drug transaction. Jackson was also confronted by agents. At the time agents initiated contact with Jackson, he was located inside a vehicle. After asking Jackson to exit his vehicle, agents discovered a large bag containing 169.27 grams of methamphetamine.

Even more troubling is Jackson's conduct following his initial arrest. At the Detention hearing, Agent Brown testified that on December 11, 2012, while Jackson was on bond from his state court case, officers obtained a search warrant for the apartment Jackson was renting, and discovered approximately 102.3 grams of methamphetamine, as well as digital scales. Significantly, officers discovered that Jackson's apartment was equipt with an operating surveillance system. Jackson also admitted to pretrial release officers that he had consumed methamphetamine since being released on bond in his state matter.

Based upon the amounts of controlled substances alleged in the indictment, the weight of the evidence against Jackson, Jackson's conduct while on bond in his state court case, and

the danger posed to the community by Jackson's drug use and distribution, this Court finds the defendant has failed to rebut the statutory presumption. Therefore, this Court hereby orders the continued detention of the defendant, Samuel Allen Jackson, pending trial.

**IT IS SO ORDERED this 23rd day of January, 2013.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma